RINEHART, appellant, and RINEHART, respondent.

1. All of the next of kin of intestate agreed that administration should be granted to the eldest of them, if he could find security. Being unable to do so, the surrogate, at his request, within fifty days after the death of the intestate, granted administration to one not of kin to the intestate, without ascertaining whether some of the next of kin would not administer, and without citing any of them, for the purpose of ascertaining. The letters were declared null and void.

2. The Prerogative Court has jurisdiction, by appeal, over a controversy as to the right of administration, (granted by the surrogate,) unless the controversy has already been taken by appeal into the Orphans Court.

---

The argument was had upon the petition of appeal, and answer of the respondent, and depositions taken in pursuance of the order for that purpose.

*Mr. Wykoff,* for appellant.

*Mr. Demott,* for respondent.

ZABRISKIE, Ordinary.

The appeal is from the action of the surrogate of the county of Morris, in granting administration of the personal estate of Hannah Rinehart, deceased, to the respondent.

Hannah Rinehart died on the 1st day of April, 1872, leaving the appellant and seven other children her next of kin, all, but one, of full age. They all met, and agreed that administration should be granted to Peter L. Rinehart, the oldest son, if he could find security. Peter was not able to procure security, and requested the surrogate to grant administration to the respondent, Samuel Rinehart, who was not of kin to the intestate. The surrogate granted administration to the respondent, on the 26th of April, 1872, without any notice or citation to the children of the intestate, and without the knowledge or consent of any except Peter.

The respondent proceeded immediately with the administration, made and exhibited an inventory, and took possession of the assets. On the 3d of June, William, one of the sons of the intestate, commenced proceedings in the Orphans Court of Morris county, to have the letters revoked, as improperly granted. The court, upon hearing the parties and their evidence, refused to revoke them. After that, this appeal was taken by Jacob, from the proceeding of the surrogate.

By the statute, (*Nix. Dig.* 303, § 7,) administration must be granted to the next of kin, or some of them, if they, or any of them, will accept the same; and if none will accept them, to such proper person as will accept.

The first section of the act of 1784, (*Nix. Dig.* 307, § 25,) provides, that if any person shall die intestate, and leave no relations entitled to administration, or, if entitled, they shall not claim the same within fifty days after the death of such person, administration shall be granted to any fit person applying therefor.

The administration was granted in this case within fifty days, and without ascertaining whether some of the next of kin were not willing to administer, and without citing any of them for that purpose. The surrogate, as between the children, could have granted administration to Peter, or any of them who would accept and give security. He had discretionary power to grant it to any one or more of them, but not at the request of any one to grant it to a stranger.

The sixteenth section of the Orphans Court act of 1846 gives an appeal to this court, in cases where the controversy as to the right of administration has not been brought before the Orphans Court by citation, as there provided, and administration granted by the surrogate, as in this case. The right of appeal to the Orphans Court, given by the second section of the act of 1855, (*Nix. Dig.*, § 50,) does not interfere with the right of appeal to this court, except when the proceedings have been removed into that court by such appeal. In this case, no such appeal was taken. The proceedings in the Orphans Court were not by way of appeal, but it was a pro-

ceeding instituted after the right to appeal to that court had expired, to have the letters revoked by the Orphans Court. The Orphans Court have no power to revoke letters granted and issued by the surrogate, except when his proceedings are brought before them by appeal, and in certain cases provided for by statute. This case is not one of them. That court properly refused to revoke those letters, and their determination on that application can be of no avail in the decision of this appeal.

The action of the surrogate in granting administration to the respondent must be reversed, and the letters declared null and void. The costs must be paid by the respondent, out of his own funds.

[NOTE.—The foregoing opinion, delivered by Chancellor Zabriskie at February Term, 1873, has only lately come into the hands of the reporter. The question involved is one which has not before been passed upon, and its importance calls for its publication here.]